ELAYNE SILK CORPORATION, Plaintiff, *v.* DORAN COSTUME CO., INC., Defendant.

City Court of New York, New York County, September 5, 1934.

*Maurice Danson*, for the plaintiff.

*Roeder, Roeder & Mopper*, for the defendant.

NOONAN, J.   This is an action for goods sold and delivered.   The first affirmative defense contained in the amended answer pleads in substance a violation by plaintiff in the sale of these goods to the defendant of that section of the code of fair competition adopted by the silk textile industry pursuant to the National Industrial Recovery Act (§ 3 *et seq.;* U. S. Code, tit. 15, § 702 *et seq.*) which provides that "Every employer shall require confirmatory signed contracts, in all transactions in excess of $500.00 between himself and buyers from or sellers to him."   Plaintiff is bound by the code, having authorized the Silk Association of America to act for it in the adoption thereof.   Defendant is not a member of the industry.

By the laws of the State of New York (Laws of 1933, chap. 781) the code has been made applicable to intrastate commerce and a violation thereof is a misdemeanor.

The defense in question is clearly insufficient. The transaction which is the basis of this suit has been wholly executed on plaintiff's part; the goods have been sold and delivered to defendant and are now in its possession and a part thereof has been consumed. Nevertheless defendant resists payment on the alleged ground that no confirmatory signed contract was drawn. The section of the code in question was not intended to operate like the Statute of Frauds. The court will not devise a penalty not provided by the law. Defendant cannot accept the goods and then rely upon a violation of this provision of the code as a pretext for non-payment. It is to be noted that the transaction between plaintiff and defendant for the sale and delivery of the goods is in no sense illegal; it is certainly not *malum per se* and probably not even *malum prohibitum*. Hence the cases cited by defendant to the general effect that an illegal contract will not be enforced by the courts are not applicable. The transaction itself is wholly legitimate, but it is claimed that plaintiff omitted to procure a confirmatory signed contract. Such an omission seems to be an offense for which plaintiff is subject to certain penalties provided by law, but the law does not require that the plaintiff be deprived of its right to receive payment. The plaintiff has completely performed the contract of sale and delivery, and the defendant has received the full benefits of such performance. Under the circumstances, there is no reason why defendant should not be compelled to pay the agreed purchase price.

The National Industrial Recovery Act and the codes adopted pursuant thereto are intended to promote business honesty. They do not offer protection to one who seeks to evade the payment of a just obligation.

The third separate defense will be permitted to stand. It appears to be sufficient inasmuch as it is alleged that there was an express agreement that the defendant might return a part of the merchandise. If defendant offered to return a part of the merchandise in accordance with the agreement and was within its rights in doing so, there is no reason why the defendant may not offset the price of that part which it thus offered to return.

The motion is granted to the extent that paragraphs 4 and 13, inclusive, are hereby stricken from the amended answer; in other respects the motion is denied. Order signed.